IN RE THE REGISTRY LAWS.

A person who is taxed upon personal or other property to the amount of one dollar or more is not subject to the requirements of Public Laws, cap. 633, § 2, March 30, 1877, as amended by cap. 640, June 1, 1877; but is entitled to have his name put on the voting lists and to vote, if being otherwise qualified he is duly registered according to the law in force before the enactment of cap. 633 and cap. 640.

IN March and June, 1877, the General Assembly of Rhode Island passed two acts, the latter in amendment of the former, modifying the registry laws of the State. These acts are as follows:

CHAPTER 633 OF THE PUBLIC LAWS, PASSED MARCH 30, 1877, AS AMENDED BY CHAPTER 640, PASSED JUNE 1, 1877.

An Act in amendment of chapters 6 and 7 of the General Statutes, " Of the Registering, Listing, and Returning Lists of Voters, and of proof of their qualifications to vote," and " Of canvassing the Rights, and correcting the Lists, of Voters."

*It is enacted by the General Assembly as follows :*

SECT. 1. The secretary of state shall prepare and furnish to the town clerks of the several towns a book to be entitled " The Registry Book," which book shall be ruled under suitable headings to indicate the time when, and the place where, any person desiring to be registered was born ; if the person was born or had resided without the town, when he last came to reside within the state ; and if he was born or has resided without the town, when he last came to reside within the town, and the place in the town at which the person resided at the time of registering.

SECT. 2. Every person who is, or within a year may be qualified to vote upon being registered and the payment of a registry tax, shall go to the town clerk of the town in which he resides, and shall annually, on or before the last day of December, register his name, and thereby certify to the truth of the facts stated in the appropriate heads of such registry. Any person who shall knowingly make any false certificate in registering his name in any such registry book, shall be fined not exceeding fifty dollars, or be imprisoned not exceeding thirty days.

SECT. 3. For the purposes of this act, the town clerk and the town treasurer of the town shall be a board of assessors of the

town, and they shall annually, on or before the first Monday in January, assess a tax of one dollar, or of such sum as with the other taxes assessed against such person shall amount to one dollar, which shall be the assessment of the registry tax required to be assessed by the Constitution and laws of this State, to entitle the person registered to vote for the succeeding year.

SECT. 4. Every registry tax assessed to qualify a person to vote shall be paid to the town clerk of the town in which such person resides, on or before the second Saturday in January, and all taxes paid to any town clerk shall be paid over by the clerk receiving the same to the town treasurer, on or before the twentieth day of said month, and be applied to the support of public schools.

SECT. 5. Town clerks receiving registry taxes under the provisions of this act shall make out and certify a list of the persons paying such taxes, and the amount of each tax paid, the time when, and the name of the person who paid the tax, and shall return the said certified list to the board of canvassers for such town, at the meeting of the board of canvassers next to be holden in such town or ward after the second Saturday in January in each year. In the city of Providence such lists shall be certified to the board of canvassers of the several wards for the said city.

SECT. 6. Any clerk making any false entry or certificate of any fact required to be entered or certified under the provisions hereof shall be fined not exceeding five hundred dollars, or be imprisoned not exceeding six months.

SECT. 7. The city clerk of the city of Providence shall annually, on or before the first day of November, certify and deliver to the several ward clerks of said city a printed copy of the tax assessment of the said city.

SECT. 8. The several boards of canvassers of the several towns, and of the wards of the city of Providence shall meet annually on the last Monday in January, for the purpose of canvassing and making up the voting lists for their respective town or ward, which list shall as soon as may be thereafter, by the town or ward clerk, be posted up in at least three public places in such town or ward, and in the city of Providence, shall post up a like list in the office of the city clerk; and the board of canvassers

shall hold their last meeting within four days next preceding the first Wednesday in April in each year, to further correct, and add to the voting list for such town or ward, and shall also meet within four days of any other general or special election to further correct and add to such voting list.

SECT. 9. The returns required to be made by the commanding officer of a military company by the provisions of section 35 of chapter 6 of the General Statutes, for the city of Providence, shall be made to the ward clerks of the said city in which the members of such company respectively reside, and such returns shall be made within the city of Providence and in the several towns on the first Saturday in January in each year.

SECT. 10. Whenever any ward of the city of Providence shall be divided into voting districts, the duties herein imposed on ward clerks shall be performed by the clerks of such districts, and for the purposes of this act the term " ward clerk " shall be construed to mean and include said district clerks.

SECT. 11. The several town clerks are required to be in their respective offices for the purpose of attending to the registration of voters for the three secular days next preceding and including the last secular day of December in each year, and there to remain from nine o'clock in the forenoon until one o'clock in the afternoon, and from two o'clock to nine o'clock in the afternoon; and shall attend to such registration at such other times as persons may apply to be registered. And such clerks shall be and remain at their respective offices during the same hours of the three days next preceding and including the second Saturday in January, for the purpose of receiving the payment of registry taxes, and shall receive such taxes at such other times before the said second Saturday in January, from persons against whom such taxes are assessed or are liable to be assessed.

SECT. 12. The several town and ward clerks shall annually place upon the registry list the names of the several persons who have previously been upon the voting list, according to the provisions of this act, against whom a property tax, to the amount of one dollar or upwards, shall have been assessed ; and such persons need not register their names annually as is required of persons paying a registry tax.

SECT. 13. Any officer required to perform any duty under the

provisions of this act who shall refuse or wilfully neglect to perform such duty as required hereunder shall be fined not exceeding five hundred dollars, or be imprisoned not exceeding three months, unless a punishment for such offence is herein otherwise provided.

SECT. 14. So much of chapter 6 of the General Statutes as requires the collector of taxes to receive registry taxes, and so much of chapter 7 of said statutes as requires the several boards of canvassers to meet at times other than as herein prescribed, and so much of the said General Statutes as requires the assessors of taxes to assess registry taxes, and all acts and parts of acts inconsistent herewith, or which imposes upon other officers the duties herein imposed, are hereby repealed.

SECT. 15. So much of this act as refers to the registration of voters, and to the payment of registry taxes assessed hereunder, and as to the return of tax lists by the city clerk of Providence to the several ward clerks of said city, shall go into effect on the first day of July, A. D. 1877, and the residue hereof shall take effect on the first day of January, A. D. 1878.

Doubts having arisen as to the meaning of these provisions, the governor, acting under article 10, section 3, of the Constitution of the State, which provides that "the judges of the Supreme Court shall give their written opinion upon any question of law whenever requested by the governor," addressed the following communication to the justices of the court:

STATE OF RHODE ISLAND.

EXECUTIVE DEPARTMENT,
NEWPORT, *October* 25, 1877.

*To the Honorable Justices of the Supreme Court of the State of Rhode Island:*

The undersigned governor of said State, respectfully asks for a written opinion upon the following question:

Under the provisions of chapter 633, as amended by chapter 640, of the Public Laws, must a personal property tax-payer comply with the requirements of section 2 of said chapter 633 as amended, in addition to the other requirements of law, to entitle him to vote?

CHARLES C. VAN ZANDT, *Governor.*

OPINION OF THE COURT.

*November* 12, 1877.

*To His Excellency Charles C. Van Zandt, Governor of the State of Rhode Island and Providence Plantations :*

We have received from your Excellency a communication requesting our opinion upon the following question, to wit :

" Under the provisions of chapter 633, as amended by chapter 640, of the Public Laws, must a personal property tax-payer comply with the requirements of section 2 of said chapter 633 as amended, in addition to the other requirements of law, to entitle him to vote ? "

We understand your Excellency to mean by a personal property tax-payer, a person who is taxed upon personal or other property to the amount of one dollar and upwards, so that he will not be required to pay a registry tax to qualify him to vote. Understanding the question in this way, we have to say that we have carefully examined chapter 633, as amended by chapter 640, and that we cannot find, either in the second section or in any other section or part of chapter 633 as amended, any provision that personal property tax-payers shall comply with the requirements of the second section to entitle them to vote.   It has been suggested that the twelfth section implies that personal property tax-payers are subject to the requirements of the second section.   The twelfth section is as follows, to wit :

" The several town and ward clerks shall annually place upon the registry list the names of the several persons who have previously been upon the voting list, according to the provisions of this act, against whom a property tax, to the amount of one dollar or upwards shall have been assessed ; and such persons need not register their names annually as is required of persons paying a registry tax."

The implication, if it exists anywhere in the section, is to be found in the concluding clause.   In order the better to appreciate the force of that clause, we will consider the preceding part of the section.   The preceding part directs the town and ward clerks to put, annually, upon the registry lists, the names of all persons against whom a property tax of one dollar has been as-

sessed, who have previously been upon the voting lists.   The transfer will include all voters, listed on the voting lists, except real estate voters not taxed to the amount of one dollar, voters who are qualified by having performed military duty, and voters who are qualified by the payment of a registry tax.   The transfer will include not only all voters who pay a tax upon personal property of one dollar or upwards, but also all voters who pay a tax on real estate of one dollar or upwards, even though, as owners of one hundred and thirty-four dollars' worth of real estate, they are entitled to vote without being registered at all. The section concludes by providing that " such persons need not register their names annually as is required of persons paying a registry tax," and because it *expressly* provides that they need *not* register their names *annually*, it is supposed that it impliedly provides that they must register their names at least *once*, as is required of persons paying a registry tax.   We apprehend this is giving greater positive effect to a negative provision than has ever before been given to such a provision.   The clause includes real estate voters who are assessed to the amount of one dollar. It cannot have been intended to require them to register their names at least once, as is required of persons paying a registry tax, for under the Constitution they are entitled to vote without registering.   The clause does not include voters who are qualified by the performance of military duty.   If it was designed to have the broad *positive* effect which is claimed for it, why did it stop short of embracing this class of voters.   We think there is a view which is more consonant with the apparent scope and purpose of the act.   Every year there will probably be a greater or less number of voters on the voting lists, put there as registry voters, who, before the year is over, will be assessed for one dollar or upwards.   These it will be the duty of the town and ward clerks to place upon the registry lists ; and, inasmuch as they were, until so assessed, subject to the requirements of section 2, it is reasonable to suppose that the clause in question was added to make it plain to them beyond doubt that, having been so assessed, they will continue subject to its requirements no longer. Certainly this is more reasonable than it is to suppose that the General Assembly intended to introduce a great change in the law, regulating the right or franchise of voting, by a mere implication from a negative provision.

Our opinion then is, that "personal property tax-payers," using the words as above explained, are not subject to the requirements of section 2 of chapter 633 as amended by chapter 640, but that they are entitled to have their names put on the voting lists and to vote, if, being otherwise qualified, they are duly registered in compliance with the law which was in force before chapters 633 and 640 were enacted, this prior law being still in force as to them.

THOMAS DURFEE,
W. S. BURGES,
E. R. POTTER,
CHARLES MATTESON,
JOHN H. STINESS.